IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON, TDCJ No. 2198087, | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:23-cv-598-S-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Deondray Raymond Mason, a Texas prisoner, who was convicted of unauthorized use of a motor vehicle and burglary in Ellis County, filed a *pro se* application for a writ of habeas corpus in the Southern District of Texas challenging disciplinary proceedings in five prisons, throughout Texas. *See* Dkt. No. 1.

Because Mason was neither convicted in nor, at the time that he filed the petition, incarcerated in the Southern District of Texas, the court transferred Mason's habeas petition to this district, his district of conviction. *See* Dkt. No. 6; 28 U.S.C. § 2241(d); *see also Morris v. Stephens*, 599 F. App'x 148, 149-50 (5th Cir. 2015) (per curiam).

The presiding United States district judge then referred the petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, because Mason fails to show that, before resorting to Section 2254 relief, he exhausted his state remedies, the undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should dismiss the habeas application under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) without prejudice to Mason's right to exhaust his state remedies.

## Discussion

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Habeas Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

"Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings." *Anthony v. Johnson*, 177 F.3d 978, 1999 WL 197119, at *1

(5th Cir. Mar. 18, 1999) (per curiam) (citing *Ex parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988) (en banc)). So "a Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing in habeas corpus proceedings need exhaust only prison grievance procedures." *Id.* (citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993)); *see also Schmidt v. Davis*, 768 F. App'x 281, 282 (5th Cir. 2019) (per curiam) (Since "he filed the requisite grievance forms," the petitioner "satisfied the exhaustion requirement of § 2254 because there is not an 'available State corrective process.'" (quoting 28 U.S.C. § 2254(b)(1)(B)(i), (c); citation omitted)).

"[U]nder the exhaustion doctrine, a federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies, including any appeal." *Thacker v. Lumpkin*, No. SA-20-CA-0201-JKP, 2020 WL 5110708, at *2 (W.D. Tex. Aug. 31, 2020) (citing *Rourke v. Thompson*, 11 F.3d 47, 49, n.6 (5th Cir. 1993); *Gartrell*, 981 F.2d at 258 n.3); *see also id.* (noting that the applicable grievance procedure has two steps).

And "[i]t is not enough that the prisoner brought the same legal claim; rather, the prisoner must present the same substance to both the state administrative body and the federal court." *Mascitti v. Thaler*, 416 F. App'x 411, 414 (5th Cir. 2011) (per curiam) (citing *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983)).

Here, Mason fails to show, as to the claims he now presents, that he first exhausted all administrative remedies as to the same substance through both steps of the prison grievance procedure. Mason instead responds "N/A" as to the result of both step 1 and step 2 of that procedure. *See* Dkt. No. 1 at 5-6. And his Section 2254

petition does not otherwise indicate that he has properly and fully exhausted the substance of his current claims. *Cf. id.* at 9 (indicating that Mason possesses "newly found evidence" and that he "recently became adequately educated in legal matters to represent [himself]").

### Recommendation and Directions to Clerk of Court

The Court should dismiss Petitioner Deondray Raymond Mason's application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust state remedies. The Court should further direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE